Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL GREENBERG STUDIO, INC., a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BEACHIN SEAL BEACH, a business entity of form unknown; JENNIFER GARNICA, an individual; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

Plaintiff Jill Greenberg Studio, Inc. ("Greenberg" or "Plaintiff"), through counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

# PARTIES

4. Greenberg is a New York corporation with its principal place of business located at 16 Boyd Hill Lane, Tivoli, New York 12583. Plaintiff's principal, Jill Greenberg, is professional photographer noted for her iconic portraits and fine artwork, namely staging digitally manipulated photographs with painterly effects.

5. Upon information and belief, Defendant Beachin Seal Beach ("BSB") is a business entity of form unknown with a principal place of business in this judicial district at 113 Main Street, Seal Beach, CA 90740.

6. Upon information and belief, Defendant Jennifer Garnica ("Garnica") is an individual residing in the county of Los Angeles, California, and is doing business as BSB (further explained below).

7. Upon information and belief, Defendant BSB, along with Garnica, are doing business in and with the State of California and residents of this Judicial District in connection with their ownership, operation, and control of the commercial website https://www.beachinsealbeach.com/ and its related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "Defendant's Website").

8. Upon information and belief, Defendants DOES 1-10 (collectively with BSB, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, who therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified,

1  and/or adopted each and all of the acts or conduct alleged, with full knowledge of each
2  and every violation of Plaintiff's rights and the damages proximately caused thereby.

**DEFENDANTS' INFRINGEMENT OF THE SUBJECT PHOTOGRAPH**

10. Greenberg owns an original photograph entitled "Shock" registered with the U.S. Copyright Office under Registration No. VA 1-359-134 (the "Subject Photograph").

11. Following the publication and display of the Subject Photograph, Defendants (and each of them) copied, stored, displayed, distributed, created derivative works therefrom, and otherwise exploited the Subject Photograph for commercial purposes on Defendant's Website without Greenberg's permission (collectively, the "Accused Work"):

/ / /

/ / /

/ / /

| Subject Photograph |
|---|
|  |
| Accused Work |
|  |

12. To the extent Defendants exploited the Accused Work (and/or any/all other copies of the Subject Photograph) on Defendant's Website more than three years before the filing of this complaint, Greenberg did not know, and had no reason to know, of such exploitation(s).

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

13. Greenberg incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

14. Upon information and belief, Defendants, and each of them, had access to Subject Photograph, including through (a) access to Greenberg's publicly accessible website; (b) multiple listing services; (c) a third-party website; (d) an authorized licensee of the Subject Photograph; (e) internet search engine; and/or (f) because the Accused Work is a verbatim copy of, and thus strikingly similar to, the Subject Photograph.

15. Defendants, and each of them, displayed, distributed, created derivative works and/or otherwise used the Subject Photograph for commercial purposes without Plaintiff's permission.

16. Due to Defendants' (and each of their) acts of copyright infringement, Plaintiff has damages in an amount to be established at trial.

17. Due to Defendants' (and each of their) acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to their infringement in an amount to be established at trial.

18. Upon information and belief, Defendants, and each of them, committed copyright infringement with actual or constructive knowledge of, or in reckless disregard or willful blindness for, Plaintiff's copyrights, such that said acts of copyright infringement were willful.

/ / /

/ / /

### SECOND CLAIM FOR RELIEF

### (For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)

19. Greenberg repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. Greenberg regularly published the Subject Photograph with copyright management information ("CMI"), as that phrase is used in 17 USC § 1202. Greenberg's CMI included, without limitation, its name, company name, copyright notice, metadata, and other identifying information. The CMI was prominently displayed and would be viewed by visitors to Greenberg's website and online profiles. A true and correct copy of Greenberg's watermark is shown below:

### Subject Photograph



21. On information and belief, Greenberg alleges that Defendants, and each of them, intentionally removed and/or altered Greenberg's watermark from the Subject Photograph violated 17 U.S.C. §1202(b) before copying, reproducing, distributing, and displaying the Subject Photograph.

22. On information and belief, Greenberg alleges that Defendants, and each of them, did distribute or import for distribution the Accused Work knowing that the CMI has been removed or altered without authority of Greenberg or the law.

1  23. On information and belief, Greenberg alleges that Defendants, and each of
2  them, did distribute and publicly display the Accused Work knowing that copyright
3  management information has been removed or altered without authority of Greenberg or
4  the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having
5  reasonable grounds to know, that it will induce, enable, facilitate, or conceal an
6  infringement of any right under this title.

7  24. On information and belief, Greenberg alleges that Defendants, and each of
8  them, in violation of 17 § USC 1202(a), knowingly and with the intent to induce, enable,
9  facilitate, or conceal infringement provided false copyright management information
10 when they added false attribution information to uses of the Subject Photograph,
11 including displaying the Subject Photograph with a copyright notice attributing copyright
12 ownership to BSB and/or Defendants under "Beachin Seal Beach," as shown herein
13 below:

**Accused Work**



22 25. On information and belief, Greenberg alleges that Defendants, and each of
23 them knew, that they were providing false copyright management information to their
24 copies of the Subject Photograph and distributing copyright management information that
25 was false at the time it distributed its unauthorized copies of the Subject Photograph.

26 26. Defendants, and each of them, removed and falsified the copyright
27 management information relevant to the Subject Photograph knowing that it would
28 conceal and facilitate the infringement at issues.

27. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

28. On information and belief, Greenberg alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Greenberg resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Greenberg's copyright in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant;

b. That Greenberg be awarded all profits of Defendants, and each of them, plus all losses of Greenberg, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law;

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Greenberg's intellectual property rights.

d. That Greenberg be awarded its attorneys' fees as available under 17 U.S.C. § 505 *et seq.*;

  e.  That Greenberg be awarded its recoverable costs in this action under the above statutes;

  f.  That Greenberg be awarded statutory and enhanced damages under the statutes set forth above;

  g.  That Plaintiff be awarded pre-judgment interest as allowed by law; and

  h.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: November 12, 2025   By: /s/ *Stephen M. Doniger*
               Stephen M. Doniger, Esq.
               Benjamin F. Tookey, Esq.
               *Attorneys for Plaintiff*